IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No.  21-cv-02790-CMA-KMT

SUSAN SCHROEDER,

    Plaintiff,

v.

KRISTEN HOFFECKER, and
CATHERINE ANNE SEAL,

    Defendants.

## ORDER

    This matter is before the Court on the Order to Show Cause issued by United State Magistrate Judge Kristin L. Mix. (Doc. # 4). For the following reasons, the Court finds that Plaintiff has failed to adequately respond to the Order to Show Cause, and her Complaint is therefore subject to dismissal.

    Plaintiff's Complaint purports to invoke this Court's diversity jurisdiction. (Doc. # 1, p. 2). However, the complaint contains no facts whatsoever to support diversity jurisdiction. Therefore, Judge Mix ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Doc. # 4). In response, Plaintiff filed her Notice of Special Divine Appearance (Doc. # 5).[1]

---

[1] Because Plaintiff is proceeding *pro se*, the Court has construed her pleadings liberally and held them to "a less stringent standard than those drafted by attorneys." *Trackwell v. United*

Plaintiff's Notice is largely nonresponsive to Judge Mix's show-cause order. Rather than establishing a factual basis for diversity jurisdiction, she cites various statutes that have no bearing on the Court's jurisdiction to hear this case.[2] "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Because Plaintiff has failed to meet this burden, her complaint is subject to dismissal.

For the foregoing reasons, it is ORDERED that Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. It is

FURTHER ORDERED that Plaintiff shall have up to and including December 7, 2021 within which to cure the deficiencies identified above. If Plaintiff fails to do so, the case will be dismissed with prejudice.

DATED: November 16, 2021

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

*States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted); *see also Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

[2] Plaintiff's Notice cites 18 U.S.C. §§ 241 and 242, two criminal statutes which establish the federal criminal offenses of "conspiracy against rights" and "deprivation of rights under color of state law." Plaintiff fails to explain what relevance these statutes have to her civil lawsuit, or how they establish this Court's jurisdiction. Although the Court construes pro se pleadings liberally, the Court is "not required to fashion [a plaintiff's] arguments for [her] where [her] allegations are merely conclusory in nature and without supporting factual averments." *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "It is [not] the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Hall*, 935 F.2d at 1110. Therefore, even under the relax standard that applies to pro se pleadings, Plaintiff's Notice fails to establish a basis for federal jurisdiction.